UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BERNARD YOUNG,

Petitioner,

v.

BRIAN E. WILLIAMS, et al.,

Respondents.

Case No. 2:18-cv-00110-RFB-VCF

ORDER

This habeas matter comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 3), and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner has not properly commenced this action by submitting a pauper application with all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner has not attached a financial certificate or monthly account statements for July 2017, September 2017, or November 2017—three of the six months preceding the filing of his pauper application.[1] The application therefore will be denied without prejudice. Petitioner must either pay the $5.00 filing fee or file a properly completed pauper application within sixty (60) days of entry of this order.

---

[1] While petitioner has attached six monthly account statements, they are for February 2017, April 2017, June 2017, August 2017, October 2017, and December 2017, and thus are not for the six months preceding the filing of the pauper application.

Turning to petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case is clear in presenting the issues that petitioner wishes to raise, and the legal issues are not particularly complex. To the extent petitioner asserts that he needs an attorney to help him obtain his case file or transcripts that he does not have, there are procedures available in state court for petitioner to obtain these documents. Appointment of counsel is not necessary to this end. The Court therefore finds that counsel is not justified, and the motion for appointment of counsel will be denied without prejudice.

Finally, addressing the petition itself, LSR 3-1 requires a § 2254 habeas petition to be filed on the court's form. While petitioner has utilized some pages of the form, importantly the first two pages and the pages used to indicate whether each ground has been exhausted, petitioner has not used the final page of the form, on which he must both sign and verify the petition. Accordingly, petitioner must file an amended petition that is both signed and verified, on the court's form.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is DENIED without prejudice.

IT IS FURTHER ORDERED that petitioner shall have sixty (60) days within which to either pay the $5.00 filing fee or file a new and properly completed application to proceed *in forma pauperis* together with a properly executed financial certificate and an inmate account statement.

IT IS FURTHER ORDERED that the Clerk of Court shall file the petition (ECF No. 1-1), but petitioner must mail to the clerk for filing an amended petition using the required petition form,

signed and verified, within sixty days of the date of this order. Petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the docket number, 2:18-cv-00110-RFB-VCF, in the designated space above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

The Clerk of Court shall SEND petitioner two copies of an *in forma pauperis* application form for incarcerated persons along with one copy of the instructions for same. The Clerk further shall send petitioner two copies of a noncapital § 2254 form along with one copy each of the instructions for the form and petitioner's original petition.

If petitioner fails to timely comply with this order by neither: (1) paying the filing fee or submitting a properly completed new pauper application with all required attachments within sixty (60) days; or (2) failing to file a signed and verified amended petition, this action will be dismissed without further notice.

IT IS SO ORDERED.

DATED this 20th day of September, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE