UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BERNARD YOUNG, | Case No. 2:18-cv-00110-RFB-VCF |
| Petitioner, | |
| v. | ORDER |
| BRIAN E. WILLIAMS, et al., | |
| Respondents. | |

This habeas matter comes before the Court for preliminary review following the filing of an amended petition. The filing fee has been paid.[1] Following review, the Court will dismiss newly added Ground 5 in part and direct service and a response to the remainder of the petition.

In Ground 5, petitioner asserts several ineffective assistance of counsel claims. (ECF No. 7 at 24-28). Petitioner additionally invokes *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that petitioners may, under certain circumstances, establish cause for a procedural default where a substantial claim of ineffective assistance of trial counsel was not raised in initial review collateral proceedings due to the absence or ineffective assistance of post-conviction counsel. *Id.* at 16-17. It is unclear whether petitioner invokes Martinez only to show cause for any procedural default of his ineffective assistance of trial counsel claims or whether he also intends to assert an independent claim based on *Martinez*. To the extent petitioner asserts in Ground 5 an independent constitutional violation based on *Martinez*, that portion of Ground 5 must be dismissed because *Martinez* did not create an independent right to relief.

---

[1] The filing fee has in fact been paid twice (ECF Nos. 5 & 8). The Court by way of this order will direct that one of the fees be returned to petitioner.

1

Petitioner further asserts in Ground 5 violations of his due process rights based on errors in his state court post-conviction proceedings. (ECF No. 27-28). This part of Ground 5 must also be dismissed, as such claims are not cognizable in federal habeas actions. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[E]rrors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

IT IS THEREFORE ORDERED that the Clerk shall add Nevada Attorney General Adam P. Laxalt as attorney for respondents and informally electronically serve the Nevada Attorney General with a copy of the amended petition and this order.

IT IS FURTHER ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

IT IS FURTHER ORDERED, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that petitioner's renewed request for appointment of counsel is DENIED. The Court does not find that the interests of justice support appointment of counsel in this case.

IT IS FURTHER ORDERED that, as the filing fee appears to have been paid twice, the Clerk of Court shall return $5.00 to petitioner, Bernard Young, 1125646, High Desert State Prison, PO Box 650, Indian Springs, NV 89070-0650.

IT IS SO ORDERED.

DATED this 1st day of November, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE