Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*S. Alex Spelman
Assistant Federal Public Defender
Nevada State Bar No. 14278
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
alex_spelman@fd.org

*Attorney for Petitioner Bernard Young

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bernard Young,<br><br>      Petitioner,<br><br>      v.<br><br>Renee Baker, Warden of Lovelock Correctional Center,<br><br>Aaron Ford, Attorney General of the State of Nevada,[1]<br><br>      Respondents. | Case No. 2:18-cv-00110-RFB-VCF<br><br>**Unopposed motion to extend time to file amended petition**<br><br>**(First request)** |

Petitioner Young respectfully moves for an extension of 90 days to file his amended petition for writ of habeas corpus, up to and including Monday, August 26, 2019. This is his first request for an extension. Respondents do not oppose.

---

[1] This caption updates the names of the respondents, reflecting the name of the Warden at Young's current prison facility and the name of the new Attorney General of Nevada.

## Points and Authorities

Respondents are imprisoning petitioner Bernard Young for a sentence, in the aggregate, of 39 to 120 years imprisonment for the criminal charges underlying this matter, involving multiple alleged robberies with a BB gun.[2]

On January 19, 2018, Young filed a *pro se* petition for writ of habeas corpus before this court[3] and moved for appointment of counsel.[4]

On October 25, 2018, Young filed a *pro se* amended petition for writ of habeas corpus before this court.[5]

On November 1, 2018, this Court ordered respondents to respond to the amended petition.[6] The Court denied Young's request for appointment of counsel.[7]

On December 31, 2018, respondents moved to dismiss Young's amended petition.[8]

On January 18, 2019, Young filed a notice that respondents transported him to the Lovelock Correctional Center, where he is now housed[9] (and for this reason, counsel for Young has amended the caption of this action to reflect the appropriate Warden; he will do the same on his second amended petition).[10]

On January 24, 2019, upon "further review of the record, including the motion to dismiss," this Court concluded that "appointment of counsel is in the

---

[2] *See* ECF No. 12-30.

[3] ECF No. 1-1.

[4] ECF No. 3.

[5] ECF No. 7.

[6] ECF No. 9.

[7] *Id.* at 9.

[8] ECF No. 11.

[9] ECF No. 15.

[10] *See* https://ofdsearch.doc.nv.gov/form.php (for offender ID 1125646, showing Bernard Young housed at "Lovelock Correctional Center").

2

interests of justice."[11] The Court provisionally appointed the Federal Public Defender (FPD), permitted the FPD 30 days to undertake representation of Young, and held that it anticipated setting a deadline of 120 days from the upcoming formal appointment order.[12]

The FPD promptly engaged in its conflict-check procedures and selected the undersigned Assistant Federal Public Defender to represent Young.

On February 22, 2019, counsel for Young filed a notice of appearance.[13]

On February 25, 2019, this Court formally appointed counsel.[14] The Court ruled that Young "shall have until up to and including ninety [90] days from entry of this order within which to file an amended petition . . . ."[15] This rendered a deadline of May 28, 2019 for Young to file an amended petition.

Counsel scheduled the required out-of-town travel to visit Young in prison for April 5, 2019, but was unable to make that travel due to illness.

Counsel and co-counsel's next available opportunity to visit Young was just three days ago, on May 25, 2019. Both counsel and co-counsel traveled to Lovelock, Nevada on that day (from Las Vegas) and met with Young for the first time.

Now, counsel is still in the process of reviewing Young's casefile, researching the issues, and preparing his amended petition. In addition to the unfortunate delay in being able to visit Young, the procedural issues presented in this matter are complex[16] and the underlying sentence is severe. Counsel requires additional time to adequately research these issues and prepare a petition for Young.

---

[11] ECF No. 17.
[12] *Id.*
[13] ECF No. 21.
[14] ECF No. 22.
[15] *Id.* at 1.
[16] *See generally* ECF No. 11 (motion to dismiss).

3

Namely, in addition to the delay in visitation, the demands of other cases (between counsel's notice of appearance and now) have precluded counsel's ability to complete Young's amended petition by the current deadline. *See, e.g.*, *Pough v. Gittere*, No. 3:18-cv-00191-MMD-CBC, ECF No. 23 (D. Nev. Feb. 28, 2019) (amended petition); *Nicholson v. Baker*, No. 3:16-cv-00486-MMD-WGC, ECF No. 38 (D. Nev. March 5, 2019) (amended petition); *Cardenas v. Neven*, No. 3:15-cv-00476-MMD-CBC, ECF No. 39 (D. Nev. March 22, 2019) (amended petition); *Hermansen v. Baker*, No. 3:17-cv-00135-MMD-CBC, ECF No. 38 (D. Nev. April 10, 2019) (response in opposition to motion to dismiss); *Vincent v. Williams*, No. 17-16992, ECF No. 40 (9th Cir. April 19, 2019) (oral argument); *Ross v. Neven*, No. 2:13-cv-01562-JCM-CWH, ECF No. 71 (D. Nev. April 29, 2019) (response in opposition to motion to dismiss); *Brown v. Baker*, No. 3:17-cv-00687-MMD-WGC, ECF No. 31 (D. Nev. May 3, 2019) (response in opposition to motion to dismiss); *Cardenas v. Baker*, No. PC-5364 (5th Jud. Dist. Ct. Nev. May 10, 2019) (state-court petition for writ of habeas corpus); *Morales v. Baker*, No. A-19-794622-W (8th Jud. Dist. Ct. Nev. May 10, 2019) (state-court petition for writ of habeas corpus); *Flores v. Williams*, No. A-19-794716-W (8th Jud. Dist. Ct. Nev. May 13, 2019) (state-court petition for writ of habeas corpus); *Morales v. Baker*, No. 2:18-cv-00583-GMN-CWH, EF No. 20 (D. Nev. May 15, 2019) (motion to stay).

Next, on May 15 and 17, 2019, counsel was in a courtroom-skills training. On May 23, 2019, counsel was in court all day for arrest duty. On May 24–25, 2019, counsel traveled to northern Nevada with co-counsel to meet with several clients, including Young. Accordingly, for the above reasons, counsel was unable to meet the current deadline to file an amended petition for Young.

Counsel requires an additional 90 days to complete Young's case review, research, and to draft his amended petition. In addition to completing this matter, counsel has several deadlines in the near future for other clients. On May 31, 2019,

4

an amended petition is due in *Holmes v. Gentry*, No. 2:17-cv-01980-RFB-GWF (D. Nev.). On June 5, 2019, an amended petition is due in *McNair v. Baca*, No. 3:18-cv-00308-HDM-CBC (D. Nev.). On June 11, 2019, a response to a motion to dismiss is due in *Nicholson v. Baker*, No. 3:16-cv-00486-MMD-WGC (D. Nev.). On June 14, 2019, a petition for rehearing or rehearing *en banc*, for which counsel has already requested an extension, is due in *Vincent v. Williams*, No. 17-16992 (9th Cir.). On July 1, 2019, an amended petition is due in *Garner v. Baca*, No. 3:18-cv-00525-MMD-WGC (D. Nev.). Further, counsel will be out on pre-scheduled leave from June 29, 2019 to July 7, 2019.

Given the complexity and severity of this matter and counsel's other engagements, a 90-day extension is the minimum time necessary to allow counsel to adequately represent Young on this pivotal filing.

On May 28, 2019, counsel for respondents indicated by email that they do not oppose an extension of 90 days for Young to file a counseled amended petition.

## Conclusion

This request is made solely in the interest of justice and Mr. Young, not for the purposes of undo delay or other improper motive. Young respectfully requests this court grant this motion and extend the deadline for Young to file an amended petition by 90 days, up to and including Monday, August 26, 2019.

Dated May 28, 2019.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ S. Alex Spelman*
S. Alex Spelman
Assistant Federal Public Defender

**IT IS SO ORDERED**

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED this 29th day of May, 2019.

## Certificate of Service

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system and include: Charles L. Finlayson.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three calendar days, to the following non-CM/ECF participants:

Bernard Young
#1125646
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419

>                                  /s/ Arielle Blanck
>                                  An Employee of the
>                                  Federal Public Defender