UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BERNARD YOUNG, | Case No. 2:18-cv-00110-RFB-VCF |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This habeas matter comes before the court on Respondents' motion to dismiss certain grounds in Petitioner Bernard Young's second-amended petition (ECF No. 35). As discussed below, the motion is granted in part and denied in part.

**I.     Procedural History and Background**

In June 2014, a jury convicted Young of three counts of robbery with the use of a deadly weapon, victim 60 years or older, three counts of robbery with use of a deadly weapon and one count each of attempted robbery with use of a deadly weapon and battery with intent to commit a crime (exhibit 27).[1] The state district court sentenced him to terms that amount in the aggregate to 39 to 120 years in prison. Exh. 28. Judgment of conviction was entered on August 13, 2014. Exh. 29. The Nevada Court of Appeals

---

[1] Respondents' exhibits referenced in this order are exhibits to their first motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-14. Petitioner submitted exhibits in support of his second-amended petition; those exhibits are found at ECF Nos. 34 and 39. Petitioner's exhibits, confusingly, do not follow respondents' exhibits sequentially. Thus, petitioner's exhibits will be referred to as "Pet. Exh."

affirmed Young's convictions on September 15, 2015 and affirmed the denial of his state postconviction habeas corpus petition on December 28, 2017. Exhs. 49, 91.

Young dispatched his federal habeas petition for filing about January 2018. ECF No. 5.  This court issued an order stating, among other things, that the petition would be filed but also directed Young to file an amended petition on the court's form, including the signature page. see ECF No. 4. Young filed an amended petition on October 25, 2018. ECF No. 7.  This court ultimately appointed counsel, denied Respondents' first motion to dismiss without prejudice, and a second-amended petition was filed on October 23, 2019. ECF Nos. 17, 22, 33.

Respondents now move to dismiss grounds 1 (in part), 2B, 2C, 3(A), 3B, and 3C of the second-amended petition on the bases that they do not relate back to a timely filed petition or are unexhausted. ECF No. 35. Young opposed and respondents replied. ECF Nos. 38, 45.

## II.  Legal Standards & Analysis

### a.  Relation Back

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely

2

pleading.  Mayle v. Felix, 545 U.S. 644 (2005).  In Mayle, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.  545 U.S. at 655–64.  Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  545 U.S. at 657.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.  545 U.S. at 659 and n.5; see also Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013).

The parties do not dispute that the original petition was timely filed, that the AEDPA statute of limitations expired on June 3, 2018, and that, therefore, claims in the second-amended petition must relate back to the original petition in order to be timely.  see ECF Nos. 35, 38.

The second-amended petition sets forth three grounds for relief:

**Ground 1**: Young alleges that the trial court's erroneous hearsay ruling prohibiting him from testifying as to what information Detective Miller "fed" him deprived Young of a meaningful opportunity to present a complete defense in violation of his Fifth, Sixth and Fourteenth Amendment fair trial rights (ECF No. 33, pp. 8-10);

**Ground 2**: Young contends that his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel were violated when (A) counsel failed to challenge the State's abuse of the grand jury process; (B) counsel failed to request that the trial court sever the multiple charges against Young; and

(C) counsel failed to make a showing that Roberto Lind's out-of-court confession should be admitted (id. at 10-26);

**Ground 3**: Young's Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel were violated when appellate counsel failed to raise trial counsel's ineffectiveness as alleged in ground 2(A) – (C) on appeal (id. at 26-29).

## 1. Ground 1 (in part)

In ground 1 of the second-amended petition, Young argues that the trial court's erroneous hearsay ruling that Young could not testify about what information Detective Miller gave him about the crimes before interviewing him on tape deprived Young of a meaningful opportunity to present a complete defense in violation of his fair trial rights. ECF No. 33, p. 8. Respondents agree that Young also raised this claim in his original petition. ECF No. 5, p. 14. However, respondents object to the portion of ground 1 in the second-amended petition where Young contends that during closing arguments the State "capitalized" on the lack of detail regarding what information Detective Miller provided Young. ECF No. 35, pp. 6-7. They argue that these specific factual allegations do not relate back to the original petition, which only contained allegations regarding the State's objection to trial counsel's questions posed to Young about to the information provided by Detective Miller.

This court concludes that these factual details are fairly viewed as tied to a common core of operative facts. See, e.g., Mayle, 545 U.S. at 664, n.7. The additional, more specific factual allegations still arise from the preclusion of testimony about what the detective told Young before he began recording the interview.  The allegations regarding the State's closing might arguably be separate in time but the Court concludes that they are not separate in type from the originally raised episodes. Id. at 657. The Court

4

agrees with Young that they do not alter the underlying constitutional claim. Accordingly, Ground 1 relates back to the original petition and is timely.

### 2.  Grounds 2(B), 2(C), 3(B) and 3(C)

Ground 2 of the second-amended petition asserts three claims of ineffective assistance of trial counsel. In ground 2(B) Young asserts that his trial counsel failed to request that the multiple charges against Young be severed. ECF No. 33 at 16- 21. He alleges in ground 2(C) that his counsel failed to make a showing that the out-of-court confession of Young's brother, Roberto Lind, should be admitted. Id. at 22-26.

Ground 3 of the second-amended petition sets forth three claims of ineffective assistance of appellate counsel. In ground 3(B) Young alleges that counsel did not challenge the trial court's failure to sever the counts on direct appeal. ECF No. 33, pp. 27-28. He further alleges in ground 3(C) that counsel failed to raise the exclusion of Young's statements that Roberto Lind confessed to the crimes. Id. at 28-29.

In his original federal petition, Young did not present any claims regarding severance or any claims related to Roberto Lind's confession or trial or appellate counsel's failure to raise these two issues. In the opposition to the motion to dismiss, Young argues that because the State misused the grand jury process and his counsel failed to object,  the State was able to blur the lines between the strength of the evidence for each individual offense. ECF No. 38, pp. 5-6. He argues that the effect of this was the same as trial counsel's failure to seek a severance and that, therefore, grounds 2(B) and 3(B) relate back under Mayle. Young further asserts that the original petition put Respondents on notice that he was challenging the handling of alleged hearsay testimony at trial. Id. at 6-7.

The Court disagrees. The claims in the second-amended petition related to severance and to Lind's confession do not arise out of the same core of operative facts and legal theory as any claims in the original petition. Mayle, 545 U.S. at 664. Because the claims do not relate back and are untimely, they must be dismissed.

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

### 1. Ground 3(A)

Respondents argue that ground 3(A) is unexhausted. ECF No. 35, p. 9. In the second-amended petition ground 3(A) alleges that Young's appellate counsel was ineffective for failing to challenge the State's abuse of the grand jury process on appeal. ECF No. 33, pp. 26-27.

Young asserts that this Court should consider ground 3(A) exhausted because he was prevented from properly presenting this claim to the state courts in his state postconviction habeas petition litigation due to the fact that his former counsel had not turned over the state files to Young, despite Young's repeated requests and repeated entreaties to the state district court. ECF No. 38, pp. 17-20. He contends that he,

therefore, did not have all the trial transcripts or record on appeal when he drafted his pro se state postconviction petition.

State-court minutes reflect the following: on January 7, 2016, Young's trial/appellate counsel had no objection to withdrawing and informed the court that he would send Young his case file. Exh. 1, p. 23. The court directed counsel to prepare a receipt of the files sent. Young filed a motion on February 22, 2016, to hold his former counsel in contempt for failing to forward him a copy of his case file. Exh. 53. Young noted that he faced the statute of limitations to file a postconviction petition and could not competently challenge his conviction, "including by making claims of ineffective assistance of counsel" or offering more than bare allegations, without his former counsel's file. Former counsel objected but he also informed the court that the documents would be produced to Young. Exh. 54. On March 15, 2016, the court held a hearing at which neither Young nor his former counsel was present. Exh. 1, p. 24. The court denied the motion to hold counsel in contempt on the basis that counsel had represented to the court that all case file documents had been produced. Young appealed that order. Exh. 55. He also wrote a letter to the Chief Justice of the Nevada Supreme Court, explaining that he had been unsuccessfully attempting to get his case file since October 10, 2015, when he learned that the remittitur issued on the order affirming his convictions only after he wrote to the Supreme Court asking for an update on his case. Pet. Exh. 11; see also Nevada Supreme Court Case No. 70103. In the letter, which was filed in April 2016, he stated that after the district court denied his motion to hold his former counsel in contempt on the basis that the file had been produced, he checked with the prison records department where he was housed for the files; they were not there. He expressed concern in the letter

that without his file he would be unable to state meritorious claims and/or he would be time-barred.

Young's appeal challenging the denial of the motion to hold counsel in contempt was dismissed for lack of jurisdiction. Exh. 59. He subsequently filed a motion in state district court for transcripts at the State's expense. Exh. 60. He informed the court that counsel had sent him "some paperwork" but that trial transcripts of Young's testimony as well as that of the police officers, victims, witnesses, and an expert witness were missing. The court denied the motion as moot, stating that counsel represented that he had already provided all case file documents to Young "which would include all transcripts." Exh. 12-1, p. 25.

About three months after Young's letter to the Chief Justice of the Nevada Supreme Court was filed with the court, the clerk wrote to Young, saying

> [a] decision has been reached in the above case and a remittitur has issued. The time for filing a rehearing petition has expired. Therefore, we are returning the document, unfiled. Do not resubmit this documents [sic] to this office, as no action will be taken on it.

Pet. Exh. 11; Nevada Supreme Court Case No. 70103.

Young filed his *pro se* state postconviction petition on October 5, 2016. Exhs. 62, 64. The State filed a response on November 29, 2016, and on December 6, 2016, the district court held a hearing without Young present and summarily denied the petition. Exhs. 65, 66.

In his appeal of the denial of his state postconviction petition, Young raised the issue of the State's abuse of the grand jury process and his trial counsel's failure to challenge such abuse. Exh. 81. He also argued that he "should have been allowed to amend his writ to include this issue as one of ineffective assistance of appellate counsel

. . . . The [Nevada Supreme Court] is asked to reverse and remand the matter . . . or allow him to amend to include it as IAC appellate." Id. at 6.  In fact, Young also filed a motion with the Nevada Supreme Court for leave to supplement his informal brief and other relief. Exh. 79. In that motion, Young explained that "he was in a dispute with his trial/appellate counsel . . . in obtaining his trial and appellate files." Id. at 3. He stated that as a result he was under pressure to file his state petition with the state and AEDPA statute of limitations looming. He characterized what he had filed in district court as a protective petition that only raised three issues based upon the materials he already possessed and further explained that the lack of court records was the reason that his protective petition did not reference trial testimony or raise any claims of ineffective assistance of trial counsel. He stated that he had no notice of the December 6, 2016 hearing on his state petition until he received the State's November 29, 2016 response to the petition. He said that, therefore, he had no opportunity to seek to be transported for the hearing or to prepare for it. Id.

The Nevada Supreme Court granted Young's motion to supplement the informal brief and denied his request for counsel. Ex. 80. The state supreme court also denied Young's alternative request to remand the appeal to the district court. In response to that order, Young filed a motion for leave to supplement or amend habeas petition and other relief in state district court and attached as an exhibit the motion for leave to supplement that he had filed with the Nevada Supreme Court. Exh. 82. The state district court denied the motion, stating that it lacked jurisdiction because it had previously ruled on the petition, and the denial was on appeal. Exh. 84. Young filed a notice of appeal. Exh. 85. The Nevada Supreme Court denied the appeal for lack of jurisdiction. Exh. 90.  Thereafter,

considering only the claims that Young presented to the state district court, the Nevada Court of Appeals affirmed the district court's denial of the postconviction petition. Exh. 91.

Under these particular circumstances, the court agrees that Young did everything he could to give the state courts a fair opportunity to act on his claim. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999); see also 28 U.S.C. § 2254(b)(1)(B) (A habeas petitioner is required to exhaust claims in state court unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant"). Young attempted many times via various motions to alert the state courts that his former counsel had not provided him the full state-court record. He filed motions with the state district court and the Nevada Supreme Court when he was effectively cut off from the district court litigation of his petition. When he tried to inform the courts of his intent to raise claims of ineffective assistance of appellate counsel, he was passed back and forth between the district and supreme court, only to be told by each court that it lacked jurisdiction. Therefore, the Court finds that federal ground 3(A) is exhausted.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 35) is **GRANTED** in part and **DENIED** in part as follows:

Ground 1 is timely in its entirety;

Grounds 2(B), 2(C), 3(B), and 3(C) are **DISMISSED** as untimely;

Ground 3(A) is **EXHAUSTED**.

**IT IS FURTHER ORDERED** that Respondents file an answer within **45 days** of the date of this order. The answer should contain all substantive and procedural arguments

10

as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing

Proceedings in the United States District Courts under 28 U.S.C. §2254.

      **IT IS FURTHER ORDERED** that petitioner has **30 days** following service of

Respondents' answer in which to file a reply.


      DATED: November 30, 2020.


                                                           _____
                                        **RICHARD F. BOULWARE, II**
                                        **UNITED STATES DISTRICT JUDGE**